IMG-009                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1351
_____

GANGADEI PARBHU RAMRUP,
                                         Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                         Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A99-139-910)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2010
Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed    November 10,  2010  )
_____

OPINION OF THE COURT
_____

PER CURIAM.

     Gangadei Parbhu Ramrup seeks review of the Board of Immigration Appeals'

("BIA") dismissal of her appeal of the removal order of an Immigration Judge ("IJ").  For

the reasons that follow, we will deny the petition for review.

I.

Petitioner Gangadei Parbhu Ramrup, a citizen of Guyana, entered the United States in 2001 as a non-immigrant visitor. She failed to depart, and in 2006, the Department of Homeland Security ("DHS") commenced removal proceedings. Ramrup applied for withholding of removal and CAT protection only, because an application for asylum would have been untimely. See 8 C.F.R. § 1208.4(a)(2).

Ramrup testified that the two main ethnic groups in Guyana, the majority Afro-Guyanese and the minority Indo-Guyanese, are in constant conflict. The Afro-Guyanese control most of the government, including the military and the police. The Indo-Guyanese, represented by the People's Progressive Party ("PPP"), have control of the presidency. Ramrup, an Indo-Guyanese, was self-employed before leaving Guyana. She acted as a poll worker during the 1997 elections, during which there were outbreaks of violence between the two ethnic groups. Ramrup testified that she fears she will be targeted if returned to Guyana. She also claims that she will suffer significant economic harm, because jobs are generally not available to Indo-Guyanese.

The Immigration Judge ("IJ") found her testimony credible, and recognized that the State Department's 2001 Country Report for Guyana corroborated her claims about the ethnic tensions and the high levels of poverty in the country. Nevertheless, the IJ concluded that Ramrup failed to establish a well-founded fear of persecution, denied her

2

application for withholding of removal, and granted her application for voluntary departure. The Board of Immigration Appeals ("BIA") dismissed her appeal. Ramrup filed a timely petition for review.

## II.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252. Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's opinion, this Court will review both opinions. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review factual findings for substantial evidence, see Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007), upholding them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

## III.

Ramrup claims that the IJ and BIA wrongly determined that she failed to meet her burden of proof that she would more likely than not suffer harm, including economic harm, if returned to Guyana. To qualify for withholding of removal, an alien must establish that it is more likely than not that her "life or freedom would be threatened in th[e] country [of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003). To meet the stringent standard for withholding of removal, an applicant must provide objective evidence that future

3

persecution is "more likely than not" to occur upon removal. 8 C.F.R. § 1208.16(b)(2); Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

We agree that Ramrup failed to prove a well-founded fear of persecution.[1] The violence that envelops Guyana during elections and Ramrup's prior political activity do not establish that she will be personally targeted for persecution. See Myat Thu v. Att'y Gen., 510 F.3d 405, 413 (3d Cir. 2007) ("generally harsh conditions shared by many other persons do not amount to persecution") (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). Ramrup never stated that she was a member of the PPP, just that she was a poll worker. She presented no evidence that anyone in Guyana has a particular interest in her or her prior activities.

Likewise, Ramrup's claim that, as a member of the minority Indo-Guyanese population, she will face persecution also fails. Racial and ethnic tensions and discrimination do not necessarily denote persecution. See Ahmed v. Ashcroft, 341 F.3d 214, 217-18 (3d Cir. 2003) (widespread legal and economic discrimination against Palestinians in Saudi Arabia does not constitute persecution). Her claim that she will face economic persecution because of her ethnicity is also unsupported. "[D]eliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution." Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005).

---

[1]Ramrup did not contest on appeal to the BIA whether the IJ erred in determining that she failed to demonstrate past persecution, nor does she now claim that she suffered past persecution. She does state, however, that her family members suffered past persecution.

4

Economic discrimination is insufficient.  See Ahmed, 341 F.3d at 217-18.  Ramrup did not present any evidence that she will be deliberately targeted for any reason.  See Li, 400 F.3d at 168.  Accordingly, the evidence presented does not compel a conclusion contrary to the IJ's and BIA's.

Finally, the record is devoid of any evidence that would render Ramrup eligible for CAT protection, as she fails to show that it is more likely than not that she will face torture if removed to Guyana.  See Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003).

IV.

For the foregoing reasons, we will deny the petition for review.