**IMG-202** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4733
_____

GANGADEI PARBHU RAMRUP,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99-139-910)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2011
Before:  HARDIMAN, COWEN AND BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 13, 2011 )
_____

OPINION
_____

PER CURIAM

        Gangadei Parbhu Ramrup seeks review of the Board of Immigration Appeals'

("BIA") denial of her motion to reopen proceedings based on changed country

conditions.  For the reasons that follow, we will deny the petition for review.

I.

Petitioner Gangadei Parbhu Ramrup, a citizen of Guyana, entered the United States in 2001 as a non-immigrant visitor. She failed to depart, and in 2006, the Department of Homeland Security ("DHS") commenced removal proceedings. Ramrup applied for withholding of removal and CAT protection only, because an application for asylum would have been untimely. See 8 C.F.R. § 1208.4(a)(2).

Ramrup testified that the two main ethnic groups in Guyana, the majority Afro-Guyanese and the minority Indo-Guyanese, are in constant conflict. The Afro-Guyanese control most of the government, including the military and the police. The Indo-Guyanese, represented by the People's Progressive Party ("PPP"), have control of the presidency. Ramrup, an Indo-Guyanese, was self-employed before leaving Guyana. She acted as a poll worker during the 1997 elections, during which there were outbreaks of violence between the two ethnic groups. Ramrup testified that she fears she will be targeted if returned to Guyana. She also claimed that she will suffer significant economic harm, because jobs are generally not available to Indo-Guyanese.

The Immigration Judge ("IJ") found her testimony credible, and recognized that the State Department's 2001 Country Report for Guyana corroborated her claims about the ethnic tensions and the high levels of poverty in the country. Nevertheless, the IJ concluded that Ramrup failed to establish a well-founded fear of persecution and denied her application for withholding of removal and CAT relief. The BIA dismissed her

2

appeal in January 2009. Ramrup also filed a timely motion to reopen with the BIA, which denied the motion in October 2009.

Ramrup filed petitions for review of both the January 2009 BIA order (C.A. 09-1351) and the October 2009 order (C.A. 09-4260). We remanded the petition in C.A. 09-4260 to the BIA for consideration of whether she had met the asylum standard, and denied the petition for review in C.A. 09-1351. See Ramrup v. Att'y Gen., 400 F. App'x. 696 (3d Cir. 2010). In February 2010, the BIA again denied Ramrup's motion to reopen. Ramrup then filed this timely petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the denial of a motion to reopen. We review such denials for abuse of discretion. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

## III.

In her motion to reopen, Ramrup requested a new hearing to apply for asylum based on changed country conditions and her objective fear of being kidnapped and held for ransom because she will be considered wealthy and a "foreigner" in Guyana. The BIA has discretion to deny a motion to reopen where it determines that the alien is not prima facie eligible for the underlying relief sought. See INS v. Abudu, 485 U.S. 94, 108 (1988). To establish eligibility for asylum, Ramrup must demonstrate either past

3

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir. 2005).

In its first denial, the BIA determined that the evidence did not warrant reopening her application for withholding of removal and protection under the CAT. This Court remanded the decision back to the BIA so that it could review whether Ramrup had met the standard for asylum, not the more stringent withholding of removal standard, based on changed country conditions. On remand, the BIA recognized the violence, abductions, and ethnic tensions in Guyana, but nevertheless concluded that Ramrup had failed to show that circumstances in Guyana supported further consideration of her claim.

Ramrup claims that the BIA failed to meaningfully address the evidence she offered in support of her application for asylum based on changed country conditions, which, she argues, establish her prima facie eligibility for asylum. We agree that Ramrup failed to demonstrate changed circumstances in Guyana that materially affect her eligibility for asylum. See 8 C.F.R. § 1003.2(c)(1). Ramrup simply states that there is a great likelihood that she will be targeted for kidnapping on account of her perceived wealth. The country reports she submitted attribute the violence in Guyana to criminal gangs and note the ethnic divisiveness in politics. She also submitted articles that discussed the kidnappings of a United States Embassy security chief, a United States citizen child, and of a popular musician. Ramrup did not submit anything mentioning repatriated Guyanese being targets of extortion or kidnapping. Furthermore, as the

4

government points out, even if Ramrup was targeted for kidnapping, it would not be on account of any protected ground. See, e.g., Ucelo-Gomez v. Mukasey, 509 F.3d 70, 73 (2d Cir. 2007) (holding that status as affluent Guatemalans allegedly targeted because of their wealth was not a particular social group). Accordingly, the BIA properly concluded that Ramrup has not shown changed circumstances in Guyana that would warrant reopening for consideration of her request for asylum.

IV.

For the foregoing reasons, we will deny the petition for review.